cal injury, which is a material element of assault in the first degree (see Penal Law § 120.10 [1]). We reject that contention because the officer's testimony did not invade "the jury's exclusive province as the ultimate finder of fact" (*People v Bogar*, 84 AD3d 1750, 1750 [2011], *lv denied* 17 NY3d 813 [2011]). Even assuming, arguendo, that the court erred in allowing that testimony in evidence, we conclude that the error is harmless because the evidence of defendant's guilt was overwhelming and there was no significant probability that she would have been acquitted but for the error (see id. at 1751; see generally *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.

REBECCA OSTERHOUT, Appellant, v TAMMY BANKER et al., Respondents. [934 NYS2d 895]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs for reasons stated in the decision at Supreme Court. Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ. **[Prior Case History: 2010 NY Slip Op 31776(U).]**

PHILIP ARNO et al., Respondents, v MARIA CIMATO et al., Appellants. [938 NYS2d 494]—

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.

In the Matter of MICHAEL ZIOLKOWSKI et al., Appellants, v TOWN BOARD OF TOWN OF GRAND ISLAND et al., Respondents. [934 NYS2d 895]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs for reasons stated in the decision at Supreme Court. Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.